SCOTT E. BRADFORD, OSB #062824
Acting United States Attorney
District of Oregon
**ALEXIS A. LIEN, OSB #110569**
Assistant United States Attorney
alexis.lien@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
*Attorneys for Plaintiff United States of America*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**CARLA HALL, VERONICA HALL, AND CHRIS HARRIS,**<br><br>   **Defendants.** | Case No.: 2:25-cv-01523<br><br><br>**COMPLAINT** |

The United States of America, by authority of the Attorney General of the United States and at the request of the United States Department of the Interior ("DOI"), acting on its own behalf and as trustee for the Confederated Tribes of the Umatilla Indian Reservation ("Tribe"), files this complaint and alleges as follows:

## NATURE OF ACTION

1.  This is a civil action brought pursuant to the federal common law of trespass, ejectment, and breach of contract to remedy Carla and Veronica Hall's ("Halls") continuing

intentional and unauthorized use of, occupancy of, and harm to government-furnished housing located on a tract of land that the United States owns in trust for the benefit of the Tribe, as well as Chris Harris's breach of the terms of his Government Housing Assignment Agreement with the Bureau of Indian Affairs (BIA). Chris Harris previously occupied the housing as a tenant but requested to terminate his housing agreement and ceased paying rent without making the housing available for reassignment. The Halls, who lived with Harris in the housing, have continued to occupy and use the housing for more than a year since Harris vacated the housing, without authorization and contrary to repeated notices of trespass and eviction by BIA.

2. The Halls and Harris have unlawfully deprived BIA and the Tribe of the use and enjoyment of the government-furnished housing and trust land.

3. The United States seeks all just and proper remedies against the Halls and Harris for all such past and ongoing trespasses, injuries, and breaches, including, but not limited to, damages for unlawful use and occupancy, ejectment, damages for breach of contract, declaratory and injunctive relief, and all costs and fees associated with this action.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of and parties to this action pursuant to under 28 U.S.C. §§ 1331, 1345, and 2201-2202.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) because all the acts alleged occurred in this judicial district and the Halls and Harris reside in this district.

## DEFENDANTS

6. Carla Hall, Veronica Hall, and Chris Harris are members of the Confederated Tribes of the Umatilla Indian Reservation (CTUIR or Tribe) and reside in Umatilla County, Oregon.

## GENERAL ALLEGATIONS

7. BIA is an agency of the United States government within DOI.

8. In 1855, the Umatilla Indian Reservation was established through the Treaty of 1855, 12 Stat. 945.

9. In 1855, Congress set aside 640 acres of the Umatilla Indian Reservation for BIA use as an industrial farm and school through the Act of March 3, 1855, 23 Stat. 340, 341.

10. The BIA retains use of 12.94 acres of the 640 acres set aside in 1855, which 12.94 acres are identified administratively by BIA as Tract 143-4.

11. The United States owns Tract 143-4 in trust for the benefit of CTUIR.

12. Tract 143-4 includes a mobile home owned by BIA and used as government-furnished housing for federal employees and contractors. BIA has designated the housing as Unit No. 30, Internet Quarters Management Information System (iQMIS) #00P07030. Unit 30 was built in 1978; the home has three bedrooms and two bathrooms.

13. Defendant Harris is employed by the Tribe and works in a program that the Tribe manages under a self-governance compact with BIA. He is therefore considered a government contractor eligible for United States government-furnished housing.

14. Defendants Carla Hall and Veronica Hall are not so employed.

15. Beginning in 2013, Harris was authorized to live in BIA Umatilla Agency Quarters No. 30 pursuant to a Government Housing Assignment Agreement (Agreement). Occupancy began on July 11, 2013. Harris's Agreement was most recently renewed effective March 12, 2023, and signed by Harris on April 26, 2023.

16. Pursuant to the renewed Agreement, Harris agreed to pay $546.87 biweekly in rent.

*Id.* The Agreement provided that Harris would be charged rent for the housing unit unless and until it was permanently vacated and made available for reassignment. The Agreement also provided that the lease could be terminated by BIA for, among other reasons, breach of the agreement or failure to pay rent, or by either party upon thirty days' written notice.

17. The Halls resided with Harris in Unit 30.

18. In December 2023, Harris spoke with BIA staff and told them that he had vacated Unit 30, that he would stop paying rent after December, and that he wanted to terminate the agreement as of January 1, 2024. Harris did not provide written notice of intent to vacate the unit.

19. The Halls remained in the unit after December 2023 and continue to reside there.

20. On January 12, 2024, BIA sent a preliminary notice of eviction to Carla Hall. That notice directed the Halls to vacate the unit within thirty days of the notice. BIA sent the notice via U.S. mail and hand delivery. Carla Hall contacted BIA and asked for an additional thirty days to vacate, which BIA allowed.

21. On April 18, 2024, BIA sent a final notice of eviction to Carla Hall by U.S. mail and hand delivery. That final notice directed the Halls to vacate within ten days of the notice.

22. Defendants failed to vacate or pay rent.

23. On April 25, 2024, Carla Hall emailed the Northwest Regional Director of BIA acknowledging receipt of the final notice of eviction and requesting permission to stay in the unit. The Regional Director did not respond.

24. One June 20, 2024, BIA sent a preliminary notice of eviction to Veronica Hall through certified mail and regular U.S. mail.

25. On July 23, 2024, BIA sent a final notice of eviction to Veronica Hall through

certified mail and regular U.S. mail. BIA also attempted to personally deliver the final notice at the residence. No one answered the door. BIA taped the notice to the door.

26. The Halls again failed to vacate.

27. On February 10, 2025, BIA sent Harris a notice informing him that BIA had deemed his Government Housing Assignment Agreement to be terminated on January 31, 2024, thirty days after he ceased paying rent, notwithstanding his failure to provide written notice of his intent to terminate the agreement.

28. The Halls are still occupying the premises. As of the date this complaint was filed, the Halls are in possession of and occupying BIA's property and do not have permission to use, possess, or occupy the property.

## FIRST CLAIM FOR RELIEF
### (Trespass)

29. The United States realleges each of the preceding paragraphs as if fully set forth herein.

30. Since January 1, 2024, without authorization and legal right, the Halls have willfully occupied and used Unit No. 30 on Tract 143-3. As a result of their unauthorized and continuing unlawful occupation and use, the Halls have committed and are now committing a continuing willful trespass on land owned by the United States in trust for the benefit of the Tribe.

31. As a direct and proximate result of the Halls' continuing willful trespass, the Halls have damaged and continue to damage Unit No. 30, Tract 143-3, the Tribe, and the governmental interests of the United States, and will continue to do so unless and until the trespass is remedied.

## SECOND CLAIM FOR RELIEF
### (Ejectment)

32.     The United States realleges each of the preceding paragraphs as if fully set forth herein.

33.     Since January 1, 2024, without authorization and legal right, the Halls have willfully occupied and used Unit No. 30 on Tract 143-3 as housing.

34.     As a direct and proximate result of their unauthorized and continuing illegal occupation and use, the Halls have prevented and continue to prevent the Tribe and BIA from enjoying and using Unit No. 30 on Tract 143-3, which lands the United States owns in trust for the benefit of the Tribe.

35.     The Halls have defied, and continue to defy, the authority of the United States, acting through BIA, to administer the subject property. The Halls have refused to comply with the BIA Umatilla Agency's requests and eviction notices requiring that the Halls cease and desist from their occupation and use of Unit No. 30 and remove all their personal property from the subject property. The Halls continue to occupy and use the subject property.

36.     The Halls' continuing occupation and use of Unit No. 30 on Tract 143-3 is unlawful and, as a direct and proximate result of that trespass, the Halls have damaged and continue to damage Unit No. 30, Tract 143-3, the Tribe, and the governmental interests of the United States, and will continue to do so unless and until the Halls and their property are removed from the subject property.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

37.     The United States realleges each of the preceding paragraphs as if fully set forth

herein.

38.    Harris had a valid Agreement with BIA for the lease of government-furnished housing.

39.    Harris breached the fully executed Agreement by failing to make timely and full payment of the rent and by failing to ensure that the unit was made available for reassignment after the Agreement was terminated.

40.    As a result of Harris's breach, BIA has economic damages for unpaid back rent and for the loss of use and rental income resulting from the holding over of the Halls after the termination of the lease.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court provide the following relief:

a.    An order commanding Defendants to peacefully remove themselves and all of their personal property from housing Unit 30 and deliver possession of the property to the United States, including the delivery to BIA or its designee of all keys to the residence, within seven days of entry of the order;

b.    An order prohibiting Defendants from re-entering, using, occupying, or possessing the federal property without the express and written permission of BIA, its designee, assignee, or successor in interest;

c.    An order authorizing the United States Marshals Service to enforce the delivery of possession to the United States, if necessary, by the forcible removal and detention of Defendants or others who may attempt to interfere;

  d. An order authorizing the United States Marshals Service to oversee or arrange for removal of Defendants' personal property from the premises and to secure the property from further occupancy by Defendants or other unauthorized persons;

  e. An order for costs and expenses requiring Defendants to reimburse the United States Marshals Service and the Plaintiff for the costs and expenses incurred because of this action and for such other costs as permitted by law. Those costs should include, but not be limited to, the costs of personal service, of onsite supervision of the removal of the Defendants, of hiring workers to remove personal property, and of hiring a locksmith to change the locks and otherwise secure the premises;

  f. An order that the United States Marshals Service is not responsible for the safekeeping of any of Defendants' belongings and are not liable for missing or damaged property removed by the Marshal, his designees, or contractors;

  g. A money judgment against Defendants, jointly and severally for back rent for Unit 30, in the amount of $15,404.87 (as of January 31, 2025), in accordance with the Government Housing Assignment Agreement); for daily rent of $39.46 daily from the date of the judgment until the date Defendants fully vacate the premises;

  h. An order permitting the United States to move to amend the final judgment to include reasonable costs of repairs or cleaning once those costs are determined;

  i. An award to the United States of all its costs in this action to the maximum extent permissible; and

  j. Such other and further relief as the Court deems just and proper.

Dated this 27th day of August 2025

                          SCOTT E. BRADFORD
                          United States Attorney

                          */s/ Alexis A. Lien*
                          Alexis A. Lien
                          Assistant United States Attorney

## DECLARATION OF MICHAEL JACKSON

I, Michael Jackson, hereby verify and declare under penalty of perjury that I am an employee of the Bureau of Indian Affairs; that I have read the foregoing Complaint and know the contents thereof; that the matters contained in the Complaint are true to my own knowledge, except that any matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of August 2025.


*/s/ Michael Jackson*_____
Michael Jackson
Superintendent